IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

EDDIE GENE FULLARD, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO.: CV505-047
 )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
 )
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge G. William Davenport ("the ALJ" or "ALJ Davenport") denying his claim for disability insurance benefits and Supplemental Security Income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on September 6, 2002, alleging that he became disabled on August 11, 2002 due to shortness of breath, heart attack, and chest pains. (Tr. at 19). After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On December 1, 2004, ALJ Davenport held a hearing at which Plaintiff appeared via video teleconference and testified and was represented by counsel. (Tr. at 17). William Sabo, a vocational expert, also testified at this hearing. ALJ Davenport found that Plaintiff was

AO 72A
(Rev. 8/82)

not disabled within the meaning of the Social Security Act ("the Act"). (Id.). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 6).

Plaintiff, born on May 2, 1965, was thirty nine (39) years old when ALJ Davenport issued his decision. He has an eleventh grade education. (Tr. at 19). His past relevant work experience includes employment as a construction worker, a forklift operator, a farm worker, an assembler of prefab buildings, and a landscape specialist. (Tr. at 23).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. At 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. At 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed

disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. At 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of August 11, 2002, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 18). At step two, the ALJ determined that Plaintiff had status-post heart attack and coronary artery bypass grafting, chronic obstructive pulmonary disease symptomology [with almost no functional loss], and alcohol and tobacco dependence, which are all impairments considered "severe" within the Act. (Tr. at 22). However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff retained the residual functional capacity to lift 50 pounds at one point and possibly lift 20 pounds at the time of the hearing. The ALJ found that Plaintiff could perform at the medium exertional level with the limitation that he should not work around alcoholic beverages. At the next step, ALJ Davenport concluded that Plaintiff's past relevant work as a landscape specialist did not require the performance of work-related activities precluded by his residual functional capacity. (Tr. at 25). Accordingly, ALJ Davenport determined that Plaintiff was not disabled within the meaning of the Act.

3

## ISSUE PRESENTED

Plaintiff asserts that the ALJ erred in finding him not disabled because the decision was not supported by substantial evidence.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

**I.     The ALJ's Determination That Plaintiff Is Not Disabled Is Supported By Substantial Evidence.**

Plaintiff contends that the ALJ improperly disregarded testimony of his treating physician in finding Plaintiff able to do medium work. Plaintiff contends that the ALJ wholly disregarded certain statements of Dr. Garcia, Plaintiff's treating physician, that Plaintiff was not able to lift, carry, push, or pull more than five (5) pounds. Plaintiff also contends that the ALJ improperly denied his request for a psychological evaluation based on an erroneous review of Plaintiff's school records.

**A.     The Medical Evidence of Record**

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F. 2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the Commissioner rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

In concluding that Plaintiff is not disabled, the ALJ reviewed the medical evidence of record. Here, good cause did exist to justify the ALJ's decision not to rely on Dr.

5

Garcia's findings. First, the ALJ properly noted Dr. Garcia's 5-pound restriction, but observed that no reason was given for the restriction. (Tr. at 21). Dr. Garcia's statements in the medical records contain no clinical data or information to support the opinion that Plaintiff should lift no more than 5 pounds. (Tr. at 286-287). It is clear that Dr. Garcia's opinion can be discounted, because it is unaccompanied by objective medical evidence and is wholly conclusory. See Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).

Additionally, Dr. Garcia's 5-pound restriction is not supported by other evidence in the record. The record shows that despite Dr. Garcia's suggestion, Plaintiff engaged in significantly strenuous physical activity. The ALJ noted that in January 2003, Plaintiff reported that he had lifted a 50 pound bag of dog food and that he "had been working pretty hard." (Tr. at 21). In August 2004, after his initial 5-pound precaution, Dr. Garcia determined that Plaintiff's chest pains were likely not cardiac in nature. (Tr. at 21). The ALJ noted that during the August 2004 visit, Dr. Garcia advised Plaintiff to stop abusing cigarettes and alcohol, but significantly absent is any mention of his previous caution against lifting more than 5 pounds. (Id.). The sum of this evidence sufficiently justifies the ALJ's doubt that Plaintiff needs to be limited to lifting 5 pounds; either such a limitation was not medically required in the first instance, or his condition (or Dr. Garcia's assessment of his condition) changed. The ALJ stated that the evidence refuted the treating physician's assessment, and he instead adopted the opinions of the State Agency medical consultants. (Tr. at 23). In sum, it appears that ALJ Davenport had "good cause" not to give Dr. Garcia's opinion "substantial weight." See Edwards, 937 F.2d at 538.

6

## II. Rejection of Plaintiff's Request for a Psychological Evaluation

The ALJ has a duty to develop the record fully and fairly, Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997), and is required to order a consultative examination where necessary to make an informed decision. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However, an ALJ is not required to order such an independent evaluation where the record is sufficient in and of itself and additional expert testimony is unnecessary. Wind v. Barnhart, 133 Fed. Appx. 684, 693 (11th Cir. 2005).

In this case, the Plaintiff fails to show why an independent psychological evaluation was necessary to fully develop the record with regard to Plaintiff's alleged learning disabilities. The ALJ noted that Plaintiff himself stated in the record that he was in all regular classes in school. (Tr. at 22). The ALJ observed the Vocational Expert's testimony that two of Plaintiff's previous jobs required considerable skill levels, a fact that the ALJ found "impossible if an individual is mentally retarded." (Id.). The ALJ additionally observed that Plaintiff left previous employment because of physical limitations, not because of any learning disabilities.

Despite these findings, Plaintiff alleges that the ALJ failed to carefully review the school records because, contrary to the ALJ's interpretation, "the F stood for Fall Quarter, not the letter grade" in a particular class. The fact that the ALJ may have misinterpreted what the letters "F" stood for in Plaintiff's school records does not bolster the Plaintiff's claim that an independent psychological examination was necessary. If anything, the fact that Plaintiff was actually passing many courses in school is evidence which supports the

7

ALJ's finding that Plaintiff suffers from no learning disability. For these reasons, it is clear that ALJ Davenport did not err in refusing to order a consultative mental evaluation.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 1st day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)